NOT DESIGNATED FOR PUBLICATION

No. 114,450

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KURT GARRISON,
*Appellant*,

v.

CITY OF OTTAWA PLANNING AND CODES DEPARTMENT

and

CURT ALTIC,
*Appellee*s.

MEMORANDUM OPINION

Appeal from Franklin District Court; ERIC W. GODDERZ, judge. Opinion filed June 17, 2016. Vacated and remanded with instructions.

*Kurt Garrison*, appellant pro se.

*Michael K. Seck* and *Amy J. Luck*, of Fisher, Patterson, Sayler & Smith, LLP, of Overland Park, for appellees.

Before BRUNS, P.J., POWELL and GARDNER, JJ.

*Per Curiam*: Kurt Garrison, a contractor, was hired to design and complete a foundation repair on a house in Ottawa, Kansas. The City of Ottawa (the City) enacted an ordinance adopting an international building code that required designs in certain instances to be approved by a licensed engineer before the City would issue a building

1

permit. Garrison, who is not a licensed engineer, informed the City that under K.S.A. 2015 Supp. 74-7033(b), certain designs are exempt and the City was required to issue a building permit. When the City still refused to issue a permit, Garrison petitioned the Franklin County District Court for a writ of mandamus and prohibition. The City filed a motion to dismiss, which the district court granted on the merits. Garrison now appeals, reprising the arguments made before the district court. However, because we consider the matter as not yet ripe for a decision, we vacate the district court's decision on the merits and remand with directions for the district court to dismiss Garrison's petition on the grounds of ripeness.

FACTUAL AND PROCEDURAL BACKGROUND

Garrison is a well-credentialed individual. In 1983, he obtained a bachelor's degree in mechanical engineering. Subsequently, Garrison was also the qualifying individual allowing his company to obtain a Class A contractor's license, a master electrician license, and a master plumber license in Ottawa, Kansas, and other jurisdictions. He has attended various classes and certifications and has a total of 30+ years of experience in designing and building residential, agricultural, and commercial structures. Garrison also has a law degree but is not licensed to practice. In 2015, Garrison was asked to design and complete a foundation repair on a house in Ottawa. The City had condemned the house earlier that year, finding that its foundation needed repair.

In 2013, the City adopted the International Residential Code for One- and Two-Family Dwellings (2012). Section R106.1 of that code provides:

> "Submittal documents consisting of *construction documents*, and other data shall be submitted in two or more sets with each application for a *permit*. The *construction documents* shall be prepared by a registered *design professional* where required by the statutes of the *jurisdiction* in which the project is to be constructed. Where special

2

conditions exist, the *building official* is authorized to require additional *construction documents* to be prepared by a registered *design professional*.

"**Exception**: The *building official* is authorized to waive the submission of *construction documents* and other data not required to be prepared by a registered *design professional* if it is found that the nature of the work applied for is such that reviewing of *construction documents* is not necessary to obtain compliance with this code."

Curt Altic, Ottawa Codes Inspector and named party, allegedly told Garrison that only a licensed engineer could design the foundation repair that Garrison had been hired to design and complete. Garrison responded to Altic that he could competently design the repair and that Kansas law permitted him to do so without being a licensed engineer. According to Garrison, he had done similar designs in the past and former codes inspectors, now retired, had issued him permits. Garrison claims that Altic, who was supposedly only recently hired, kept him from doing the design. The record also indicates that Garrison never actually applied for a permit.

Garrison corresponded with both the City Attorney and the acting interim City Attorney. He asked them to direct the City to issue him a building permit based on the exemption provided by K.S.A. 2015 Supp. 74-7033(b). When both refused, Garrison filed a petition for a writ of mandamus and prohibition in the district court. He claimed that the City had no authority to deny him a building permit because K.S.A. 2015 Supp. 74-7033(b), which concerns the scope of practice for licensed engineers, exempted one- and two-unit dwellings from any requirement that the designs of such structures be approved by a licensed engineer. He also alleged that the City had a duty to issue him a building permit and that he had no other adequate remedy. Garrison asked the district court to order the City to stop requiring designs to be approved by a licensed engineer, stop refusing to accept his designs, and issue him a building permit.

3

The City filed a motion to dismiss but did not raise any procedural defenses, instead claiming that Garrison was not entitled to relief on the merits. At the hearing, the City briefly stated its position and Garrison argued his petition. The district court then asked Garrison several questions. During this colloquy, Garrison admitted that he was not a licensed engineer. The district court ultimately found that the city ordinance was permissible under the City's Home Rule authority and dismissed Garrison's petition. Garrison timely appeals.

## IS GARRISON'S PETITION FOR MANDAMUS RIPE FOR A DECISION?

At oral argument, we asked the parties to brief the issue of ripeness, given our concern that the matter is not yet ripe for a decision as Garrison's mandamus petition requests that the City be compelled to issue him a building permit even though he never applied for one.

> "Kansas courts are constitutionally without authority to render advisory opinions, and a court's jurisdiction . . . is dependent upon the existence of an actual case or controversy. [Citations omitted.] As part of the Kansas case-or-controversy requirement . . . , courts require . . . issues must be ripe, having taken fixed and final shape rather than remaining nebulous and contingent . . . ." *Shipe v. Public Wholesale Water Supply Dist. No. 25*, 289 Kan. 160, 165-66, 210 P.3d 105 (2009).

"If an issue is not ripe, it is nonjusticiable under Article 3, § 1 of the Kansas Constitution. An opinion issued on a nonjusticiable claim is an advisory opinion and a 'Kansas court issuing an advisory opinion would violate the separation of powers doctrine by exceeding its constitutional authority.'" *Bluestem Telephone Co. v. Kansas Corp. Comm'n*, No. 114,639, 2016 WL 2779017, at *6 (Kan. App. 2016) (unpublished opinion) (quoting *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 906, 179 P.3d 366 [2008]).

4

Moreover, since ripeness has been linked to subject matter jurisdiction, it is our duty to raise it *sua sponte*. See, *e.g.*, *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 666, 359 P.3d 33 (2015) ("An appellate court can make a *sua sponte* inquiry into whether it has jurisdiction over a question presented to it on appeal. [Citation omitted.]"); *Ray Charles Foundation v. Robinson*, 795 F.3d 1109, 1116 (9th Cir. 2015) ("Although neither party argued ripeness, 'it is our duty to consider *sua sponte* whether [a suit] is ripe, because "the question of ripeness goes to our subject matter jurisdiction to hear the case."' [Citations omitted.]"); *Cellport Systems v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014) ("'[T]his court is compelled to assure itself that it has subject matter jurisdiction,' and ripeness is a 'jurisdictional prerequisite.' [Citation omitted.]"); *Center For Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006) ("We review all questions of subject matter jurisdiction, including the justiciability issues of standing, ripeness, and mootness, de novo."); *Tavani v. Riley*, 160 Conn. App. 669, 676, 124 A.3d 1009 (2015) ("'[J]usticiability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction.'"); *Berger Family Real Estate, LLC v. City of Covington*, 464 S.W.3d 160, 166 (Ky. App. 2015) ("'Because an unripe claim is not justiciable, the circuit court has no subject matter jurisdiction over it.' [Citations omitted.]"). The question of whether the court has subject matter jurisdiction is one of law in which our standard of review is unlimited. *Morgan v. City of Wichita*, 32 Kan. App. 2d 147, 154, 80 P.3d 407 (2003).

In *Frick v. City of Salina*, 290 Kan. 869, 892-98, 235 P.3d 1211 (2010), a case somewhat similar to ours, the Kansas Supreme Court held that a party's takings claim was not yet ripe because that party had not sought or been denied a building permit. Highly summarized, the Fricks were owners of a large retail complex, parts of which were condemned by the City of Salina as part of a public improvement project, requiring the Fricks to attempt to relocate some of their businesses that were dislocated by the project. The Fricks alleged that their attempts to relocate these businesses were thwarted by the

regulatory actions of the City, and they subsequently brought inverse condemnation claims based on the fact that the City's zoning and other codes apparently prohibited their efforts. In response, among its other defenses, the City claimed that the Fricks' claims were not yet ripe as they had never sought a building permit to implement their relocation plan and the City had never denied such a permit. Our Supreme Court agreed with the City, holding that because it was still possible that the City would approve the Fricks' relocation plans, the case was not yet ripe. 290 Kan. at 893; see also *Mid Gulf, Inc. v. Bishop*, 792 F. Supp. 1205, 1209-10 (D. Kan. 1992) (claims arising out of City's denial of building permit dismissed on ripeness grounds). The same is true here.

Garrison's mandamus petition claims he is entitled to a building permit on the grounds that the City cannot condition its approval on the fact that Garrison is not a licensed professional engineer because K.S.A. 2015 Supp. 74-7033(b) supposedly prohibits such a requirement. However, Garrison demands a building permit for a project for which he has never submitted a building permit application. If Garrison were to properly prepare a building permit application, it could possibly be granted by the City or rejected on grounds other than the plans must be prepared by a licensed engineer. Until Garrison actually submits a building permit application which is denied by the City, we cannot know for sure. Therefore, the matter is not ripe for a decision.

Accordingly, we vacate the district court's order dismissing Garrison's mandamus petition on the merits with prejudice and remand the matter with instructions that the district court dismiss the petition without prejudice on ripeness grounds.